Tammy Hussin, Esq. (Bar No. 155290)
Hussin Law Firm
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel. (877) 677-5397
Tammy@HussinLaw.com

Attorney for Plaintiff, Hung Quoc Dao

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Hung Quoc Dao<br><br>   Plaintiff,<br><br> vs.<br><br>Bank of America, N.A<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE ELECTRONIC FUNDS TRANSACTION ACT, 15 U.S.C. §1693,** ***ET. SEQ****.*<br>**2. BREACH OF CONTRACT** |

  For this Complaint the Plaintiff, Hung Quoc Dao, by and through his undersigned counsel, states as follows:

  1. This action arises out of violations of the Electronic Funds Transaction Act, 15 U.S.C. §1693, *et. seq.* ("EFTA") and Breach of Contract.

COMPLAINT FOR DAMAGES

2. Plaintiff, Hung Quoc Dao (hereafter "Plaintiff"), is an adult individual residing in Orange County, California.

3. Defendant, Bank of America Bank, N.A. ("Bank of America" or "Defendant"), is incorporated in Delaware, and regularly conducts business in this judicial district and throughout the state of California.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to the cause of action arising under the EFTA. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts or omissions giving rise to the claims in this Complaint occurred in this District, and because Defendant is subject to the Court's personal jurisdiction with respect to this action.

## BACKGROUND

3. Over the last decade, Cybercrime has risen at an exponential rate. *See, FTC Consumer Sentinel Network Data Base* (Feb. 2022).[1] In 2021 alone, the FTC received 5.7 million fraud reports with a combined total of $5.9 billion dollars in losses, and identity theft claims increased 27% in a single year. *Id*. at p. 6. Sophisticated criminals are able to hack directly into bank accounts using a variety of nefarious means. They can obtain vital login credentials, including passwords and PIN numbers, sell the account credentials on the dark web, ultimately leading to large amounts of money getting syphoned from customer bank accounts on an annual basis. In fact, the FTC reported that unauthorized bank transfers and payments accounted for the highest aggregate fraud losses in 2021 ($756 million). *Id*. at p. 5.

---

[1] https://www.ftc.gov/system/files/ftc_gov/pdf/CSN%20Annual%20Data%20Book%202021%20Final%20PDF.pdf

4.      Unsurprisingly, the growing increase in bank account cybercrime has led to a mounting surge of bank customers complaining of unauthorized transactions. When investigating customer claims of fraudulent transactions, financial institutions, including Bank of America, have specific statutory obligations under the EFTA. Investigations of fraudulent transactions conducted by a bank "must be reasonable." 71 Fed. Reg. 1638, 1654 (Jan. 10, 2006).

5.      Regulation E, 12 C.F.R. § 1005.11(c)(4), requires that a financial institution in investigating an error must conduct, at a minimum, a "review of its own records regarding [the] alleged error." 12 C.F.R §1005.11(c)(4). This review must necessarily include at least "any relevant information within the institution's own records." 12 C.F.R. Part 1005, Supp. I, Comment 11(c)(4)-5.

6.      Bank of America is one of the largest banks in the nation, and one of the most notorious for mistreating and stealing from its customers. Bank of America has a long history of ignoring state and federal laws and systematically engaging in unfair and unlawful business practices, causing widespread injuries to consumers across the country. The bank's nefarious and illegal antics have caused it to incur literally ***billions*** of dollars in government fines. In fact, since 2000, Bank of America has been fined by the government 251 times, with a whopping $82.9 billion in racked up fines, more than any other bank in history.[2]

7.      Part of these fines include penalties against Defendant for systemic violations of the EFTA. Indeed, just recently, the Consumer Financial Protection Bureau ("CFPB") determined systematically violates the EFTA when evaluating customer disputes of unauthorized transactions. *See, In the Matter of Bank of America, N.A.,* Consent Order, CFPB 2022-CFPB-0004, Document 1 (July 14, 2022). The CFPB determined that Bank of America routinely violates the EFTA by failing to conduct

---

[2] *See, e.g.,* https://thefintechtimes.com/bank-of-america-has-accumulated-82-9-billion-in-fines-since-2000-brokerchooser-study-finds/.

reasonable investigations, relies on archaic and ineffectual metrics to analyze customer fraud claims, and systematically ignores obvious indicia of fraud the bank has in its own records. In doing so, Bank of America wrongfully denies customer fraud disputes, accuses its customers of lying, and refuses to restore the stolen funds back into their accounts, all of which violates the EFTA. *Id.*

8. Adding insult to injury, Bank of America has a weak and outdated security system, making it easier for fraudsters to gain unauthorized access to customer accounts.

9. Bank of America has a duty to maintain a reasonable level of security to avoid unauthorized account access. As part of this effort, Bank of America has a system that monitors the IP addresses of its customers' online account activity; however, Bank of America systematically ignores its own warning signs, and does nothing to stop potential fraudsters from assuming control of customer accounts and conducting unauthorized transactions.

10. As demonstrated herein, such is the case with Plaintiff.

## BANK OF AMERICA AND PLAINTIFF

11. Plaintiff has had a savings account with Bank of America for many years.

12. Plaintiff is an immigrant and does not use the internet or email and has never accessed his Bank of America online account. Bank of America has been mailing a quarterly account statement to Plaintiff via the US Mail since the account was opened.

13. On a date unknown to Plaintiff, Bank of America allowed a fraudster to gain unauthorized access to his Bank of America account. The fraudster assumed control of Plaintiff's account and changed the address. In March of 2023, the fraudster conducted a variety of electronic funds transactions totaling $12,631.90, draining Plaintiff's only savings.

14. Inasmuch as the fraudster had changed the address on Plaintiff's account, Bank of America did not mail the quarterly statements to Plaintiff and did not send any communications to Plaintiff regarding his account. Thus, Plaintiff had no reason to suspect unauthorized activity was occurring in his account.

15. On or around July 21, 2023, Plaintiff realized he had not received a quarterly statement and went into the branch to obtain his statement. It was only then Plaintiff discovered his savings account had been drained. Plaintiff initiated a fraud report with Bank of America that day.

16. Since then, Plaintiff has spent hours on the phone and at the branch speaking with Bank of America representatives in an attempt to get his stolen funds restored, but to no avail. Plaintiff was met with inept representatives, confusing statements, and broken promises.

17. Plaintiff never received any written communications from Bank of America regarding the results of its investigation; it was only during calls to Bank of America that Plaintiff discovered most of his fraud claims had been denied.

18. Plaintiff has been harmed as a result of the foregoing and is entitled to an award of damages.

## COUNT I
## ELECTRONIC FUNDS TRANSACTION ACT
## 15 U.S.C. §1693, *et. seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiff did not give actual authority to the fraudster to initiate the electronic transfers, and therefore the transactions constituted unauthorized electronic fund transfers under §1693a(12).

21. The EFTA, as implemented by Regulation E, 12 C.F.R. § 1005.9(b), requires a financial institution to send a periodic statement for each monthly cycle in which an electronic fund transfer has occurred.

22. Bank of America violated 12 C.F.R § 1005.9(b) by failing to provide Plaintiff with periodic statements for any of the monthly cycles in which the unauthorized electronic fund transfers occurred.

23. Plaintiff notified Bank of America of the error the same day he gained access to his account statements, and therefore Bank of America was obligated to comply with the error investigation procedures of the EFTA. (Notice of an error by the consumer must be "received by the institution no later than 60 days *after the institution sends the periodic* statement or provides the passbook documentation." 12 C.F.R. § 1005.11(b)(1)(i) (emphasis added).

24. In accordance with 12 C.F.R. § 1005.6(b)(1), Plaintiff's liability should be capped at $50.00. By holding Plaintiff responsible for the full amount of the unauthorized transfers, rather than the limits set forth by § 1693g(a), Bank of America has violated the EFTA.

25. Bank of America is liable to Plaintiff for treble damages under 15 U.S.C. § 1693f(e) because it did not issue Plaintiff a provisional credit within 10 days and the bank failed to conduct a good faith investigation. In addition, it was unreasonable to conclude Plaintiff's account was not in error. 15 U.S.C. § 1693f(e)(1).

26. Bank of America knowingly and/or willfully concluded that Plaintiff had performed the disputed transactions when such a conclusion could not reasonably have been drawn from the evidence available to it at the time of its investigation, in violation of §1693f(e)(2).

27. Bank of America failed to provide Plaintiff with any explanation as to the results of its investigation in violation of 15 U.S.C. § 1693f.

28. As a direct and proximate result of knowingly and/or willfully violating §§ 1693f(e)(1)(B) and (2), Plaintiff is entitled to treble damages, statutory damages, as well as attorney's fees and costs.

## COUNT II
## BREACH OF CONTRACT

85. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The contract between Plaintiff and Defendant provides:
> Federal law (described in the section below entitled "Regulation E Liability Disclosure; Your Liability in Case of Loss, Theft or Unauthorized Transactions") may limit your liability for unauthorized transactions in some circumstances. Under the Bank of America "zero liability" policy, you may incur no liability for unauthorized use of your Card up to the amount of the transaction, provided you notify us within a reasonable time of the loss or theft of your Card, Card number or PIN or its unauthorized use, subject to the following terms and conditions…

87. Plaintiff did all that was required of him by promptly reporting the unauthorized transactions to Bank of America, yet Bank of America refused to restore the stolen funds back to Plaintiff.

88. Contrary to that binding agreement, Defendant refused to honor it, and refused to refund his stolen money. At the very least, by failing to limit Plaintiff's losses to those amounts set forth in the contract, Bank of America materially breached Plaintiff's account agreement.

89. Bank of America also promised to keep Plaintiff's account secure from unauthorized access. Bank of America materially breached its promised to Plaintiff by failing to identify obvious signs of security risks, and by failing to adequately protect his account from being compromised.

90. As a direct and proximate result of Defendant's breach of the Account Agreement, Plaintiff lost more funds than he should have as a result of unauthorized transfers, and he is therefore entitled to an award of actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

A. An award of actual damages, statutory damages, treble damages, punitive damages, and reasonable attorneys fees and costs; and

B. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED: August 15, 2023

By: */s/ Tammy Hussin*
Tammy Hussin, Esq.
Hussin Law Firm
Attorney for Plaintiff, Hung Quoc Dao